81,714-01

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 26 2015

Abel Acosta, Clerk

WRIT NO/DALLAS COUNTY-----WR92-43892-S(A)
Court of Criminal Appeals Writ No._____

Ex Parte                          §      ===
                                  §  Now in the Texas Court of Criminal
                                  §  Appeals, sent  from Dallas Clerk
                                  §
Timothy Carty                     §    .

Objection To The : "Trial Court's Findings Of Fact And Conclu-
                        sions Of Law

— The Applicant, Timothy Carty(pro-se) respectfully objects to

the Findings of Fact and legal conclusions sent to this Court

in the above said cause for the following reasons(**THEY ARE IN-**

**CORRECT**):

### One

The Court argues that I, Timothy Carty(**The Applicant**) failed
to comply with Rule 73 because I did not provide information
in the "Petitioner's Information" section of the application
.

**I OBJECT BECAUSE I SIGNED THE INMATE'S DECLARATION** on p.17 of
**the Application as instructed on p.16 that states in part: "The**
**inmate applicant must sign...the "Inmate's Declaration".**
**I am an inmate APPLICANT.**

I did notice that on page 17 I made a small mistake and did
not circle as instructed "applicant" on the inmates declaration
where it gives an option to circle either applicant or petition-
er.

### Two

I have filed attached to this objection a true copy of page

17 of the Application(photo copy) and in pen circled "applicant

" as instructed.  The Dallas Clerk never notified me of this

mistake and I was not notified until I received a copy of the

trial court's findings of fact after my Application was already

forwarded to your court **giving me no chance to circle applicant**

**after notice and correct it before it reached your court.**

p.1

Should not the Dallas Clerk have sent the Application back to me with notice to correct it by simply circling my choice between Applicant and Petitioner? Prior to sending it all the way to your honorable court? Is the remedy to dismiss it? Or can you now proceed with the correction page attached to this objection in which I have now circled "applicant"? Since the trial court certainly knows that I am the actual **inmate-applicant** is the court incorrect in contending that I should have filled out the Petitioner's Information? For the above reasons I object?

## Three

**ALSO I OBJECT** because the trial never gave me a chance to lodge objections to defense counsels affidavit before making it's findings. The first time I ever got a copy of the affidavit was when the prison mail room handed me a copy of the trial court's findings of fact and conclusions of law. That was after my application was already sent to your court. The copy I have is not even **time filed stamped**. I NOW OBJECT TO IT on **the basis that regardless of defense counsel's claim of lack of memory:**

1: There is no reasonable trial strategy for defense counsel-actions and inactions as explained in my writ.
&
I attached the transcripts(Reporter's Record) to my writ Application and Memorandum **in support of my grounds which was and is sufficient to r e f r e s h defense counsel's memory in order to explain, deny, or concede his prejudicial deficient performance for each ground raised.**

2: My grounds are solely based on the excerpts from the Reporter's Record attached to my writ, they have nothing to do with anything defense counsel is talking about in his affidavit in which he mentions his investigator.

3: A flawless memory is not needed by defense counsel to explain why he allowed a policeman to take the stand and explain to the jury that he was informed that I killed the alleged victim by a person who never showed up at trial to

p 2

verify that he had made such a statement. I showed it in the transcript. The record is clear that the officer is giving inadmissible hearsay in violation of the Confrontation Clause about what a person supposedly told him who the record proves never testified at my trial falsely naming me as a murderer. **I AM NOT. See my grounds #5, &#6 please. There was no reasonable strategy.**

4. The same goes for all of my grounds, investigations done or not done by defense counsel is not relevant in light of the facts and record I present.

5. The fact that I had a biased juror clear on the record who once worked with the very same D.A. who tried my case, and who admitted on record she could not guarantee she would be fair **is not disputable. Defense counsel's memory or lack thereof is irrelevant to the question of was it a reasonable strategy to fail to object to her sitting on my jury, or was I prejudiced by this biased juror, or whether there exist a reasonable probability the outcome would have been different.** See ground #9.

6. I attached the record to the writ where the biased juror admits her bias. Hands down indisputable ground. Defense coun sel read my writ application and memorandum prior to filing any affidavit. He saw the same facts this honorable court can see that I presented in the record. It is evident there is no strategy for not objecting to my guilt be judged by this admitted biased juror, **no memory is needed or able to explain or justify this ineffective assistance of counsel. See again ground #9**

7: **I also object to the claim that it is too late for me to file my 11.07. The State or defense counsel is not prejudiced in any way** because the record itself is the witness of each ground accessible to them both. The trial court misapplies the doctrine of laches to my case. This court has entertained many 11.07's that were older cases.

Respectfully Submitted,

*Timothy Carty*

Timothy Carty #636505
Telford Unit
3899 State Hwy.98
New Boston, TX 75570

## PETITIONER'S INFORMATION

Petitioner's printed name:_____

State bar number, if applicable:_____

Address:_____

_____

_____

Telephone:_____

Fax:_____

## INMATE'S DECLARATION

I, Timothy T-E. Carty , am the (applicant)/petitioner (circle one) and being presently incarcerated in Bowie County TX , declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on Aug. 28 , 20 14 .

Timothy T.E. Carty
Signature of Applicant / Petitioner (circle one)

17

Rev. 01/14/14